**BROWN FRUIT CO. v. GOTHAM FACTORS CORPORATION.**

No. 11044.

Circuit Court of Appeals, Eighth Circuit.

June 14, 1938.

Claude A. Davis, of Grand Island, Neb. (J. L. Cleary and William Suhr, both of Grand Island, Neb., on the brief), for appellant.

Louis H. Solomon, of New York City (H. G. Wellensiek, of Grand Island, Neb., on the brief), for appellee.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

An action at law was brought by the Gotham Factors Corporation against the Brown Fruit Company on trade acceptances which were drawn on the Brown Fruit Company by the Duralith Corporation and endorsed by the latter corporation to the Gotham Factors Corporation.

The transaction out of which the trade acceptances originated consisted of a sale by the Duralith Corporation to the Brown Fruit Company of certain wall texture called "Duralith" and certain coloring material called "Duratint," manufactured by the Duralith Corporation.

One of the acceptances had been paid by the Brown Fruit Company, and a counterclaim for the amount was set up in the answer of the Fruit Company.

The defenses in general amounted to an allegation that the trade acceptances were given by the Brown Fruit Company and received by the Duralith Corporation in a transaction which was tainted with

fraud, and that the Gotham Factors Corporation knew of the fraud, or had such knowledge that it was bound to know that the trade acceptances were fraudulently given.

The reply denied the fraudulent defenses that were set up and the case went to trial. A jury was impaneled, but at the close of the evidence the plaintiff, the Gotham Factors Corporation, moved for an instructed verdict, and the Court granted said motion and directed a verdict on two of the acceptances, but refused the motion for a directed verdict made by the defendant, the Brown Fruit Company, on its counterclaim involving one of the acceptances which had been paid by the said defendant.

The appeal is taken from the judgment entered on the verdicts directed by the Court.

It is claimed by defendant-appellant that the evidence was of such character that the case should have been submitted to the jury instead of verdicts being directed.

The appellee, in support of the ruling of the trial Judge, contends that the proof established as a matter of law that the plaintiff, the Gotham Factors Corporation, was a bona fide purchaser for value and without notice of any defect in the commercial paper in suit; that there was no issue of fact presented for submission to the jury, and that the direction of the verdict for plaintiff was sustained both in fact and in law. Appellee cites, among other cases, Hotchkiss v. National Bank, 21 Wall. 354, 22 L.Ed. 645; also Kintyre Farmers' Co-op. Elevator Co. v. Midland National Bank, 8 Cir., 2 F.2d 348.

The vital question seems to be: Did appellee, Gotham Factors Corporation, have actual knowledge of the infirmity or defect, or knowledge of such facts that its action in taking the acceptances amounted to bad faith?

In Hotchkiss v. National Bank, supra, the Court said (page 359):

"The law is well settled that a party who takes negotiable paper before due for a valuable consideration, without knowledge of any defect of title, in good faith, can hold it against all the world. A suspicion that there is a defect of title in the holder, or a knowledge of circumstances that might excite such suspicion in the mind of a cautious person, or even gross negligence at the time, will not defeat the title

of the purchaser. That result can be produced only by bad faith, which implies guilty knowledge or wilful ignorance, and the burden of proof lies on the assailant of the title. It was so expressly held by this court in Murray v. Lardner [2 Wall. 110, 17 L.Ed. 857], where Mr. Justice Swayne examined the leading authorities on the subject and gave the conclusion we have stated."

See also White-Phillips Co. v. Graham, 7 Cir., 74 F.2d 417; Ragan v. Wardell, 67 App.D.C. 222, 91 F.2d 253.

In the Kintyre Elevator Company Case, supra, this Court used the following language (page 350):

"It is common practice in the trial courts to allow an indorsee-owner and holder of a promissory note, when suing on it, to assume the burden, in his case in chief, of showing that he is a holder in due course, and then to confine the defendant to this issue before taking up the defenses between the original parties to the note; and unless some evidence is adduced tending to show that the plaintiff is not a holder in due course, to refuse to receive evidence of defenses open to the maker as against the payee."

The Court further said (page 352):

"It is the well-established rule in this circuit that:

"'It is the duty of the trial court to direct a verdict at the close of the evidence in two classes of cases: (1) That class in which the evidence is undisputed; and (2) that class in which the evidence is conflicting, but is of so conclusive a character that the court, in the exercise of a sound judicial discretion, would set aside a verdict in opposition to it. And when the trial court has directed a verdict upon conflicting evidence the appellate court may not lawfully reverse it, or the judgment founded upon it, unless, upon a consideration of the evidence, it is convinced that it was not of such a conclusive character that the court below, in the exercise of a sound judicial discretion, should not have sustained a verdict in the opposite direction.'"

Nebraska cases are in accord. First State Bank v. Borchers, 83 Neb. 530, 120 N.W. 142; Witte v. Broz et al., 111 Neb. 76, 197 N.W. 121.

■ The defendant, Brown Fruit Company, did not, in our judgment, sustain the burden of proof in showing that plaintiff, Gotham Factors Corporation, had

knowledge of infirmity in the negotiable paper purchased by it, nor knowledge of such facts that its action in taking the paper amounted to bad faith.

The rulings of the trial Court on the admissibility of evidence were proper inasmuch · as the substance of the answers sought to be elicited had already been covered, or the answers were plainly immaterial.

The judgment is

Affirmed.